1  SEYFARTH SHAW LLP
   Pamela Q. Devata (to be admitted *pro hac vice*)
2  pdevata@seyfarth.com
   John W. Drury (to be admitted *pro hac vice*)
3  jdrury@seyfarth.com
   233 S. Wacker Drive, Suite 8000
4  Chicago, Illinois 60606-6448
   Telephone:    (312) 460-5000
5  Facsimile:    (312) 460-7000

6  SEYFARTH SHAW LLP
   Christopher J. Truxler (SBN 282354)
7  ctruxler@seyfarth.com
   400 Capitol Mall, Suite 2350
8  Sacramento, California 95814-4428
   Telephone:    (916) 448-0159
9  Facsimile:    (916) 558-4839

10 Attorneys for Defendant
   DEVERUS, INC.

11

12

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15

16 REGMON L. HAWKINS, individually and on      Case No.  3:17-cv-07041-WHA
   behalf of others similarly situated,
17                                             **DEFENDANT'S ANSWER AND**
                 Plaintiff,                    **AFFIRMATIVE AND ADDITIONAL**
18                                             **DEFENSES TO PLAINTIFF'S**
          v.                                   **COMPLAINT**
19
   DEVERUS, INC.,                              Date Action Filed: December 12, 2017
20
                 Defendant.
21

22

23        Defendant Deverus, Inc., by and through its attorneys, Seyfarth Shaw LLP, hereby submits its

24 Answer and Affirmative and Additional Defenses to Plaintiff's Complaint as follows:

25 **COMPLAINT ¶1:**

26        This is a case about a consumer reporting agency's willful failure to follow federal law

27 governing the content of consumer reports.

28

---

**ANSWER:**

Defendant denies the allegations in Paragraph 1 of the Complaint, and specifically denies that it is a consumer reporting agency, as that phrase is defined in the FCRA, and denies that it violated federal law.

**COMPLAINT ¶2:**

Specifically, Defendant has failed to abide by the Fair Credit Reporting Act's ("FCRA") explicit prohibitions on including adverse information that is older than seven years in its consumer reports.  15 U.S.C. § 1681c(a)(2), (5).  Defendant routinely assembles consumer reports that include old dismissed charges.  This is in clear violation of the FCRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 2 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it violated the FCRA.

**COMPLAINT ¶3:**

Employers, lenders, and landlords use consumer reports to screen applicants, borrowers, and tenants.  They use the reports to deny people jobs, credit, housing, and access to other means by which to live.

**ANSWER:**

Defendant admits that, based on its understanding, consumer reports may be used for various purposes.  Defendant denies any remaining allegations in Paragraph 3 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶4:**

In a pattern and practice of related violations, Defendant has unlawfully placed its business interests above the rights of consumers.

**ANSWER:**

Defendant denies the allegations in Paragraph 4 of the Complaint, and specifically denies that it violated the FCRA or any other law.

1

**COMPLAINT ¶5:**

2

Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of himself and a class of

3

consumers more particularly described below (hereafter, the "Class").  On behalf of himself and the

4

Class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, expenses, costs, and all

5

available other appropriate relief.

6

**ANSWER:**

7

Defendant admits that Plaintiff purports to bring nationwide class claims under the FCRA.

8

Defendant denies the remaining allegations in Paragraph 5 of the Complaint, and specifically denies that

9

it is a consumer reporting agency, denies that it sells or prepares consumer reports, denies that it violated

10

the FRCA, and denies that class treatment is appropriate in this action.

11

**I.  PARTIES**

12

**COMPLAINT ¶6:**

13

Plaintiff and class representative Regmon L. Hawkins is a resident of Oakland, California.  He

14

has resided in California at all times in the five years prior to the filing of this complaint.

15

**ANSWER:**

16

Defendant is without knowledge or information sufficient to form a belief as to the truth of the

17

allegations in Paragraph 6 of the Complaint.

18

**COMPLAINT ¶7:**

19

Defendant Deverus, Inc. ("Deverus" or "Defendant") is a Delaware corporation headquartered in

20

Austin, Travis County, Texas.  Deverus boasts that it delivers its "services to over 35,000 businesses per

21

year."

22

**ANSWER:**

23

Defendant admits the allegations in the first sentence of Paragraph 7 of the Complaint and admits

24

that the quoted language in Paragraph 7 is a partial quotation from Deverus' website.  Defendant denies

25

the remaining allegations in Paragraph 7.

26

27

28

43940664v.2

**COMPLAINT ¶8:**

Defendant is a consumer reporting agency within the meaning of the FCRA because for monetary fees, it engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports to third parties and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such reports.

**ANSWER:**

Defendant denies the allegations in Paragraph 8 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports within the meaning of the FCRA.

**COMPLAINT ¶9:**

Deverus provides consumer reports to other consumer reporting agencies who, in turn, provide reports to end users for, among other purposes, employment purposes.  In short, Deverus sells criminal background data and information to other consumer reporting agencies who then sell that information to employers to use in making decisions about whether to offer a job to applicants.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of what "other consumer reporting agencies" do.  Defendant denies the remaining allegations in Paragraph 9 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

## II.  JURISDICTION AND VENUE

**COMPLAINT ¶10:**

This Court has subject matter jurisdiction over Plaintiff's and the Class's claims.

**ANSWER:**

Defendant admits that jurisdiction is proper in this Court.

**COMPLAINT ¶11:**

This Court can exercise personal jurisdiction over the Defendant because Defendant purposefully availed itself of the privilege of conducting activities within this state, Plaintiff's claims arise out of the

43940664v.2

or relate to Defendant's forum conduct, and the exercise of jurisdiction is reasonable under the circumstances.

**ANSWER:**

Defendant admits that the Court has personal jurisdiction over Defendant.  Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

As detailed further herein, Plaintiff is a resident of Alameda County, California.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Plaintiff applied for, and was denied, a job with IPC International, Inc. ("IPC").  Plaintiff's job would be based solely in California.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

The criminal history data that ultimately ended up on Plaintiff's background report was purchased from Experian, a company whose principal place of business is in Costa, Mesa California.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.  Defendant denies any remaining allegations in Paragraph 14 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports

**COMPLAINT ¶15:**

Deverus is electronically integrated with Experian and routinely assembles reports containing data from Experian.

1

**ANSWER:**

2          Defendant admits that it does business with Experian and admits that Experian is a data partner

3   with whom it is integrated.  Defendant denies the remaining allegations in Paragraph 15 of the

4   Complaint, and specifically denies that it is a consumer reporting agency and denies that it assembles,

5   sells or prepares consumer reports.

6   **COMPLAINT ¶16:**

7          Deverus touts the fact that Experian is one of Deverus 's principal "data partners" on its website,

8   and uses its relationship with Experian as a selling point.  Deverus claims "The Deverus integration

9   platform lets you connect to numerous pre-integrated providers to deliver data quicker, with more

10  accuracy, and less hassle."  http://www.deverus.com/the-platform/integration-manager (site last visited

11  December 8, 2017).  Deverus even displays Experian's logo on its website.  *Id.*

12  **ANSWER:**

13         Defendant admits that the language quoted in Paragraph 16 of the Complaint is a partial

14  quotation from Deverus' website, admits that Experian's logo is one logo displayed on Deverus'

15  website, and admits that Experian is a data partner with whom it is integrated.  Defendant denies the

16  remaining allegations in Paragraph 16.

17  **COMPLAINT ¶17:**

18         At all times relevant herein, Defendant had access to, and knowledge of, the requirements and

19  specifications of IPC that led to the inclusion of obsolete criminal history on Plaintiff's background

20  report.

21  **ANSWER:**

22         Defendant denies the allegations in Paragraph 17 of the Complaint.

23  **COMPLAINT ¶18:**

24         Venue is proper in this court because a substantial part of the events or omissions giving rise to

25  Plaintiff's claims occurred in this District.

26

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 3:17-CV-07041-WHA

43940664v.2

**ANSWER:**

Defendant admits that venue is proper in this District.  Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

### III.  STATUTORY BACKGROUND

**COMPLAINT ¶19:**

The FCRA was enacted based on Congress's findings that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that there is a "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681.  Thus, the FCRA requires consumer reporting agencies to operate "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."  *Id*.

**ANSWER:**

Defendant admits only that the statute cited in Paragraph 19 of the Complaint contains, in part, the language quoted in Paragraph 19.  Defendant denies any remaining allegations in Paragraph 19.

**COMPLAINT ¶20:**

To ensure that consumer reporting agencies report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information," the FCRA prohibits consumer reporting agencies from reporting old information.  Specifically, agencies are forbidden from reporting the following:

> (2)    Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period...

> (5)    Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a).

///

///

7

**ANSWER:**

Defendant admits only that the statute cited in Paragraph 20 of the Complaint contains, in part, the language quoted in Paragraph 20.  Defendant denies any remaining allegations in Paragraph 20.

**COMPLAINT ¶21:**

Defendant systematically and purposefully disregards its "grave responsibilities" and reports outdated information on consumers in violation of the FCRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 21 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it violated the FCRA.

## IV.  STATEMENT OF FACTS

**A.    Plaintiff applies for a job at IPC International, Inc. and is rejected based on the contents of his background report.**

**COMPLAINT ¶22:**

On or about June 6, 2013, Plaintiff applied to IPC for work as a security guard.  Plaintiff resides, and at the time did reside, in Alameda County, California.  The position at IPC would have been based in Oakland, Alameda County, California.  The position did not and could not reasonably be expected to pay $75,000 or more per year.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

As part of its standard application procedure, on or about June 7, 2013, IPC requested a consumer report of Plaintiff from a company called S2Verify, LLC ("S2Verify").

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

43940664v.2

**COMPLAINT ¶24:**

On or about June 7, 2013, only hours after its initial request, IPC received a consumer report on Plaintiff.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

The consumer report of Plaintiff from S2Verify contained information that the FCRA mandates be excluded from reports after seven years.  Under the FCRA, any "records of arrest" or "other adverse item of information, other than records of convictions of crimes" cannot legally be included on a consumer report if such records or adverse items of information predate the report by seven years.  15 U.S.C. § 1681c(a)(2), (5).

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 25 of the Complaint.  As to the remaining allegations of Paragraph 25 of the Complaint, Defendant admits only that the statute cited in Paragraph 25 of the Complaint contains, in part, the language quoted in Paragraph 25.  The remaining allegations in Paragraph 25 of the Complaint contain legal conclusions and, therefore, no further answer is required.

**COMPLAINT ¶26:**

In spite of the FCRA's clear prohibition on including non-conviction information older than seven years on background reports, the report that was sent to IPC included three separate charges (each of which was more than ten years old) which had been presented to a grand jury and as to which the grand jury had returned a "no bill" result.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth that IPC sent a report or what information it included.  The remaining allegations in Paragraph 25 of the Complaint contain legal conclusions and, therefore, no further answer is required.

43940664v.2

1   **COMPLAINT ¶27:**

2       Around June 18, 2013, on the basis of the information disclosed in the consumer report, IPC

3   denied Plaintiff's employment application.  This decision was memorialized in a letter from its human

4   resources department enclosing a copy of the report.

5   **ANSWER:**

6       Defendant is without knowledge or information sufficient to form a belief as to the truth of the

7   allegations in Paragraph 27 of the Complaint.

8   **COMPLAINT ¶28:**

9       The letter sent to Plaintiff said that the consumer report about him had come from S2Verify.

10   And the copy of the report had S2Verify's name and logo at the top.

11   **ANSWER:**

12       Defendant is without knowledge or information sufficient to form a belief as to the truth of the

13   allegations in Paragraph 28 of the Complaint.

14   **COMPLAINT ¶29:**

15       On June 16, 2015, Plaintiff sued S2Verify for illegally including outdated information in his

16   criminal report, in Cause No. 3:15-cv-03502-WHA, in the U.S. District Court for the Northern District

17   of California ("S2Verify Litigation").  That lawsuit eventually settled as a class action, providing more

18   than $759,000 to more than 4,200 consumers who were affected by S2Verify's illegal reports.  (*See*

19   S2Verify Litigation, Final Approval Order, Dkt. 120.)

20   **ANSWER:**

21       Defendant admits that Plaintiff commenced a civil action against S2Verify.  Defendant is without

22   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

23   Paragraph 29 of the Complaint.

24   **COMPLAINT ¶30:**

25       During the course of discovery in the S2Verify Litigation, on December 11, 2015, Plaintiff

26   learned that S2Verify was not the only consumer reporting agency involved in assembling the report that

27   cost him a job opportunity.

28

43940664v.2

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff learned, as alleged in Paragraph 30 of the Complaint. Defendant denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff.

**COMPLAINT ¶31:**

Instead, Plaintiff learned that Defendant assembled Plaintiff's report.

**ANSWER:**

Defendant denies the allegations in Paragraph 31 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff.

**COMPLAINT ¶32:**

Plaintiff also learned that, through its technological platform, and using facilities of interstate commerce, including the internet, Defendant furnished Plaintiff's report to IPC.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff.

**COMPLAINT ¶33:**

Despite the fact that Defendant maintained, assembled, and furnished outdated information about Plaintiff to a third party in the form of consumer report, Defendant took no actions whatsoever to ensure that Plaintiff's report was free of the obsolete information forbidden by the FCRA. Accordingly, Plaintiff now also seeks redress from Defendant.

**ANSWER:**

Defendant admits that Plaintiff purports to bring an action against Defendant under the FCRA. Defendant denies the remaining allegations in Paragraph 33 of the Complaint, and specifically denies

43940664v.2

that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff.

**B.    Defendant's Business Model**

<u>**COMPLAINT ¶34:**</u>

Companies like S2Verify sell background reporting services to employers ("end-users," in the parlance of the FCRA).

<u>**ANSWER:**</u>

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

<u>**COMPLAINT ¶35:**</u>

While it is economical for many companies to sell background reporting services to employers (because the process of selling background report services is still relationship-driven, not data-intensive, and not automated), many of those companies, like S2Verify, outsource the function of creating, assembling, and furnishing those reports to third parties, like Defendant.

<u>**ANSWER:**</u>

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what is economical for many companies, as alleged in Paragraph 35 of the Complaint.  Defendant denies all remaining allegations, and specifically that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff.

<u>**COMPLAINT ¶36:**</u>

While the customers (and the consumers who are the subject of the reports) may believe they are buying a consumer report from the company that sold them the background check service (like S2Verify), in reality, they are receiving a report that was assembled and transmitted by another company altogether (like Deverus).

///

///

12

43940664v.2

**ANSWER:**

Defendant denies the allegations in Paragraph 36 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff or anyone else.

**COMPLAINT ¶37:**

Consumer reports often contain data from a variety of sources from around the United States. Some of the sources are companies who specialize in pulling records from courthouses and who do so in real time, in response to specific requests. Other sources are static databases which serve as (often stale) fixed repositories of already published public record information. A given consumer report may contain information gleaned from dozens geographically specific sources. Each of those sources likely has its own conventions in terms data formatting.

**ANSWER:**

Defendant admits that, based on its understanding, consumer reports may contain data from a variety of sources. Defendant is without knowledge or information sufficient to form a belief as to how companies assemble consumer reports. Defendant denies all remaining allegations in Paragraph 37 of the Complaint, and specifically that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff.

**COMPLAINT ¶38:**

All of the data from those disparate data sources needs to be assembled and formatted into a single document before it is presented to an employer/end-user for review.

**ANSWER:**

Defendant admits that, based on its understanding, consumer reports contain data that may need to be assembled into a single document by a consumer reporting agency. Defendant denies all remaining allegations in Paragraph 38 of the Complaint, and specifically that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff.

///

13

**COMPLAINT ¶39:**

Much of the demand for criminal background reports is driven by the desire for quick turnaround times.  The process of procuring and assembling data from a variety of sources can be laborious and time intensive, meaning that companies selling consumer reports gain significant sales advantages if they are able to quickly send requests out to their sources and then quickly assemble the results from their sources for provision to the end-user.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

**COMPLAINT ¶40:**

Defendant provides a technological platform that allows its partners, like S2Verify, to quickly procure and assemble data from a variety of sources about a given individual into a formatted consumer report.

**ANSWER:**

Defendant admits that it licenses a software that is a technological platform to its clients. Defendant denies the remaining allegations in Paragraph 40 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it prepared a consumer report on Plaintiff.

**COMPLAINT ¶41:**

Defendant's platform allows its partners, like S2Verify, to either contract with their own data sources (who then upload data onto Deverus's platform for assembly) or to contract with Deverus directly to use data from Deverus's own pre-selected sources, which Deverus calls is "data partners." One of Deverus' key data partners is Experian, one of the nation's "Big Three" credit reporting agencies.  (*See* https://www.ftc.gov/news-events/press-releases/2000/01/ nations-big-three-consumer-reporting-agencies-agree-pay-25) (last accessed December 7, 2017.)  Experian maintains its North American headquarters in Costa Mesa, California.  (*See* http://www.experian.com/corporate/experian-locations.html.)

43940664v.2

**ANSWER:**

Defendant admits that it provides a licensed software to its clients, admits that it does business with S2Verify, admits that Experian is a data partner with whom it is integrated, and admits upon information and belief that Experian's North American headquarters is in Costa, Mesa, California. Defendant denies the remaining allegations in Paragraph 41 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶42:**

Deverus touts the use of its "data partners" as follows: "The best thing about using an integrated information provider is the quick return time.  It's faster, much faster.  Once the order is entered it goes straight to the providers and depending on the search type, sometimes is returned in minutes, not hours. Automation and integration means faster return times."  http://www.deverus.com/the-platform/integration-manager (site last visited December 6, 2017).  Defendant maintains an integrated platform with Experian, as well as other data partners, to facilitate quicker data transfer to its partners (including S2Verify).

**ANSWER:**

Defendant admits that it is integrated with Experian so that Experian can provide data electronically to users of the Deverus software.  Defendant admits that it provides a licensed software to its clients. Defendant denies the remaining allegations in Paragraph 42 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶43:**

Defendant's customers can also mix-and-match, including some data in their reports which comes from researchers whom they hire to upload data into Deverus's system and some data in their reports which comes from Deverus's own integrated data partners.

///

///

///

15

43940664v.2

**ANSWER:**

Defendant admits that its customers can use the licensed software to gather information from a variety of sources.  Defendant denies the allegations in Paragraph 43 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶44:**

In the latter circumstance, Deverus's clients pay Deverus not only for the service of assembling and furnishing the reports, but also for the provision of the data which populates the reports.  While many of Deverus's data partners sell data directly to companies like S2Verify, when Deverus's clients use Deverus's data partners, Deverus sells access to that data at a markup.

**ANSWER:**

Defendant denies the allegations in Paragraph 44 of the Complaint, and specifically denies that it assembles any data or that is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶45:**

Despite its active role in procuring information for consumer reports, selling that information, assembling that information into a formatted report, and transmitting those reports to end-users, Defendant performs no "quality assurance" whatsoever on the data it sells and transmits.

**ANSWER:**

Defendant denies the allegations in Paragraph 45 of the Complaint because they are based on the erroneous allegation that Defendant is a consumer reporting agency.  Defendant specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.  Defendant denies all remaining allegations in Paragraph 45.

**COMPLAINT ¶46:**

Despite its highly automated and technologically sophisticated methods for assembling and normalizing data from disparate sources, Defendant makes no effort whatsoever to exclude non-conviction data older than seven years from its reports.  This failure stands in sharp contrast to the

43940664v.2

algorithms that are routinely used in the consumer reporting industry to ensure that non-conviction data older than seven years is suppressed.

**ANSWER:**

Defendant denies the allegations in Paragraph 46 of the Complaint because they are based on the erroneous allegation that Defendant is a consumer reporting agency. Defendant specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.  Defendant denies all remaining allegations in Paragraph 46.

**COMPLAINT ¶47:**

Instead of undertaking its own compliance methods, Defendant purports to make the ability to perform quality assurance available to its partners.  However, there is no requirement in Deverus's system that Defendant's partners perform any quality assurance whatsoever.

**ANSWER:**

Defendant denies the allegations in Paragraph 47 of the Complaint because they are based on the erroneous allegation that Defendant is a consumer reporting agency. Defendant specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.  Defendant denies all remaining allegations in Paragraph 47.

**COMPLAINT ¶48:**

In fact, Defendant's system allows its clients to set technological parameters so that the assembled data is never reviewed by any human being at all before it is provided to employers who will make decisions about whether to hire people based on that information.

**ANSWER:**

Defendant denies the allegations in Paragraph 48 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶49:**

Deverus uses the fact that its system allows data to be sent directly to an end user with no quality assurance being performed whatsoever as a selling point, because it increases turnaround time on reports.  "When you use an integrated information provider, requests will go straight to the providers

DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 3:17-CV-07041-WHA

43940664v.2

along with any status updates, requests for more information, notes, etc.  You'll also the results delivered right into your platform.  And based on your custom quality assurance settings, those results can go to QA ["Quality Assurance"] or directly to your clients."  (http://www.deverus.com/the-platform/integration-manager site last visited December 8, 2017)

**ANSWER:**

Defendant denies the allegations in Paragraph 49 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶50:**

Deverus does not exercise any control over its customers' quality control procedures.  For instance, if Deverus's client's parameters allow criminal record information—even that which violates the FCRA—to be sent automatically to an end user without undergoing any quality assurance, Defendant honors its partner's request.

**ANSWER:**

Defendant denies the allegations in Paragraph 50 of the Complaint because it is based on the erroneous allegation that Defendant is a consumer reporting agency.  Defendant specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it violates the FCRA.

**COMPLAINT ¶51:**

Deverus has full access to final reports that are assembled on its platform by its clients.

**ANSWER:**

Defendant denies the allegations in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

In many instances, Deverus provides the final reports directly to end-user employers, often through electronic integrations with those end-user/employers' applicant tracking systems.

**ANSWER:**

Defendant denies the allegations in Paragraph 52 of the Complaint.

///

**COMPLAINT ¶53:**

Deverus, therefore, knows that many of the reports it provides to end-users, such as Plaintiff's report, contain non-conviction information which is older than seven years and which plainly violates the FCRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 53 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it prepares or sells consumer reports, and denies that it prepared a consumer report on Plaintiff.

**COMPLAINT ¶54:**

In spite of this knowledge, Defendant continues to provide this information and continues to fail to perform any quality assurance or compliance measures whatsoever.

**ANSWER:**

Defendant denies the allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

Consistent with the foregoing practices, in this case the obsolete, non-conviction criminal information on Plaintiff's report came from Experian, one of Defendant's key data partners.

**ANSWER:**

Defendant admits that it does business with Experian.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

With respect to its partner S2Verify, Defendant had access to, and direct knowledge of, the requirements of S2Verify's end-user clients (including IPC).  IPC requested that the reports it purchased from S2Verify (assembled by Defendant) contain all criminal history information of a given individual, even if inclusion of that information would violate the FCRA.

///

///

1  **ANSWER:**

2      Defendant is without knowledge or information sufficient to form a belief as to the truth of the

3  allegations in Paragraph 56 of the Complaint.

4  **COMPLAINT ¶57:**

5      Per its procedures, Defendant assembled Plaintiff's report for the purpose of providing it to IPC,

6  but performed no quality assurance or compliance measures as to S2Verify, IPC, or any other

7  downstream user of Defendant's consumer data.

8  **ANSWER:**

9      Defendant denies the allegations in Paragraph 57 of the Complaint, and specifically denies that it

10  is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it

11  prepared a consumer report on Plaintiff.

12                          **V.  CLASS ACTION ALLEGATIONS**

13  **COMPLAINT ¶58:**

14      Plaintiff asserts his claim for relief against Defendant on behalf of himself and the Obsolete

15  Information Class defined as follows:

16      **Obsolete Information Class**:  All persons residing in the United States (including all
    territories and other political subdivisions of the United States) who were the subject of a
17      consumer report furnished to a third party by Defendant which includes an entry for an
    offense where the date of the earlier of the arrest date, file date, offense date, disposition
18      date or charge date, antedates the date of the report by more than seven years and where
    the disposition is one of those listed on the List of Dispositions attached hereto as Exhibit
19      A.  The Obsolete Information Class consists of all persons who satisfy this criterion and
    who were the subject of a consumer report furnished by Defendant at any time which
20      occurred between the date which is five years prior to the filing of the initial Complaint in
    this action and the date of final judgment in this action, or such earlier class end date as
21      shall be established by the Court.

22  **ANSWER:**

23      Defendant admits that Plaintiff purports to bring a class claim against Defendant on behalf of the

24  purported class identified in Paragraph 58 of the Complaint.  Defendant denies all remaining allegations

25  in Paragraph 58 of the Complaint, and specifically denies that class treatment is appropriate in this

26  action, denies that it is a consumer reporting agency, denies that it prepares consumer reports, and denies

27  that it violated the FCRA or any other law.

28

DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 3:17-CV-07041-WHA

43940664v.2

**COMPLAINT ¶59:**

Numerosity:  The Class is so numerous that joinder of all class members is impracticable. Defendant regularly furnishes consumer reports that impermissibly include information about charges that are older than allowed by the FCRA.  The number of members in the Class exceeds 100 and can be ascertained from Defendant's own records.

**ANSWER:**

Defendant denies the allegations in Paragraph 59 of the Complaint and further states that class treatment is not appropriate in this action, that it is not a consumer reporting agency, and that it does not sell or prepare consumer reports.

**COMPLAINT ¶60:**

Typicality:  Plaintiff's claims are typical of the members of the Class.  The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other class members in accordance with its standard policies and practices.

**ANSWER:**

Defendant denies the allegations in Paragraph 60 of the Complaint and further states that class treatment is not appropriate in this action, that it is not a consumer reporting agency, and that it does not sell or prepare consumer reports.

**COMPLAINT ¶61:**

Adequacy: Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex class action litigation.  Plaintiff has no interests that conflict with those of any class members.

**ANSWER:**

Defendant denies the allegations in Paragraph 61 of the Complaint and further states that class treatment is not appropriate in this action.

///

///

///

DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 3:17-CV-07041-WHA

43940664v.2

**COMPLAINT ¶62:**

Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a)      Whether Defendant violated the FCRA by reporting charges that are older than allowed by the FCRA;

b)      Whether Defendant's violations of the FCRA were willful;

c)      The proper measure of statutory damages; and

d)      The proper measure of punitive damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 62 of the Complaint and further states that class treatment is not appropriate in this action, that it is not a consumer reporting agency, that it does not sell or prepare consumer reports, and that it did not violate the FCRA in any way.

**COMPLAINT ¶63:**

Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The Defendant's conduct described in this Class Action Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Class on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties.

///

///

43940664v.2

**ANSWER:**

Defendant denies the allegations in Paragraph 82 of the Complaint and further states that class treatment is not appropriate in this action, that it is not a consumer reporting agency, and that it does not sell or prepare consumer reports.

### VI.  CLAIM FOR RELIEF

**15 U.S.C. § 1681c(a)**
**On Behalf of the Obsolete Information Class**

**COMPLAINT ¶64:**

Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1-51.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraph 1 through 63 of the Complaint as though fully set forth herein.

**COMPLAINT ¶65:**

The reports that Defendant provides constitute "consumer reports" under 15 U.S.C. 1681a(d)(1) because they unquestionably "bear[] on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes, employment purposes, or any other purpose authorized by section [15 U.S.C. 1681b]."

**ANSWER:**

Defendant denies the allegations in Paragraph 65 of the Complaint.

**COMPLAINT ¶66:**

Defendant is a "consumer reporting agency" under 15 U.S.C. 1681(f) because for monetary fees, it "engages in the practice of assembling and/or evaluating information on consumers for the purpose of furnishing consumer reports to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such reports.

*///*

DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 3:17-CV-07041-WHA

43940664v.2

**ANSWER:**

Defendant denies the allegations in Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

As a consumer reporting agency, Defendant is required to comply with all provisions of the FCRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 67 of the Complaint.

**COMPLAINT ¶68:**

By assembling reports on consumers which are intended to be furnished to third parties, Defendant has engaged in activity qualifying it as a "consumer reporting agency" under the FCRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

The consumer reports of the Plaintiff and Class members provided by Defendant included dismissed charges, records of arrest, and other adverse items of information other than records of convictions of crimes that antedated the report by more than seven years.  By failing to limit its reporting of non-conviction information to those instances that were seven years or less prior to the date of the report, Defendant violated 15 U.S.C. 1681c(a).

**ANSWER:**

Defendant denies the allegations in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

Consumer reporting agencies are clearly permitted to report records of "convictions" beyond seven years.  *Id.*  But it is equally clear from the face of the same statutory provision that "arrests" and any "other adverse item of information" cannot be reported beyond seven years.  *See* 15 U.S.C. §§ 1681c(a)(2) and 1681c(a)(5); *see also Avila v. NOW Health Grp., Inc.*, No.  14 C 1551, 2014 WL 3537825, at *3-*4 (N.D. Ill. July 17, 2014) (holding that the "express language of the FCRA" mandates that "a consumer reporting agency may not include any adverse item of information other than a 'record

43940664v.2

of conviction' not a 'record of dismissed charges"); *Haley v. Talentwise, Inc.*, --- F. Supp. 2d ---, 2014 WL 1304007, at *3-5 (W.D. Wash., April 2, 2014) (finding that under the "plain language" of the FCRA, a "dismissed charge from over seven years ago is both a 'record of arrest' and 'adverse' information that [a consumer reporting agency] is prohibited from including in [a] consumer report") (*citing Serrano v. Sterling Testing Syst.*, 557 F. Supp. 2d 688, 693 (E.D. Penn. 2008)); *Dunford v. Am. DataBank, LLC*, No. C 13-03829 WHA, 2014 WL 3956774, at *14 (N.D. Cal. Aug. 12, 2014) ("In light of the remedial purpose of the Act, this order now holds that only the actual convictions may be reported and stale dismissed counts must be combed out and go unreported."); *Dowell v. Gen. Info. Servs, Inc.*, 13-CV-02581-L-BGS, Memorandum of the United States of America in Support of the Constitutionality of § 1681c of the Fair Credit Reporting Act, at 17 (S.D. Cal. Feb. 20, 2014) (stating that dismissed charges, even if associated with a conviction, may not be reported under the FCRA). Notwithstanding this clear statutory directive, Defendant routinely reports dismissed charges that antedate the report by more than seven years.

**ANSWER:**

Defendant denies the allegations in Paragraph 70 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells and prepares consumer reports, denies that it is subject to the FCRA claim in this case, and denies that it violated the FCRA or any other law. The remaining allegations in Paragraph 70 of the Complaint contain legal conclusions and, therefore, no response is required.

**COMPLAINT ¶71:**

Defendant's practices violate a fundamental protection afforded to consumers under the FCRA, are contrary to the unambiguous language of the statute, and are counter to longstanding judicial and regulatory guidance. *See, e.g.*, FTC, Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection."); *Serrano v. Sterling Testing Sys., Inc.*, 557 F. Supp.

2d 688 (E.D. Pa. 2008) (holding FCRA prohibits even alluding to existence of unreportable adverse information).

**ANSWER:**

Defendant denies the allegations in Paragraph 71 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells and prepares consumer reports, denies that it is subject to the FCRA claims in this case, and denies that it violated the FCRA or any other law.  The remaining allegations in Paragraph 71 of the Complaint contain legal conclusions and, therefore, no response is required.

**COMPLAINT ¶72:**

The foregoing violations were willful.  Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Class members under 15 U.S.C. § 1681c(a).  Defendant's willful conduct is reflected, inter alia, by the allegations set forth above and the following:

a)       The FCRA was enacted in 1970; Defendant has had its entire existence to become compliant;

b)       By assembling data on consumers that it had already purchased, and providing this to its partners based solely on its partner's specifications (even if those specifications plainly called for blatant FCRA violations), Defendant turned a blind eye to its obligations under the FCRA;

c)       Defendant is a company which specializes in furnishing consumer reports and has access to legal advice.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful; and

d)       Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting dismissed charges that antedated the report by more than seven years.  By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

**ANSWER:**

Defendant denies the allegations in Paragraph 72 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells and prepares consumer reports, denies that it is

43940664v.2

subject to the FCRA claims in this case, and denies that it violated the FCRA or any other law.  The remaining allegations in Paragraph 72 of the Complaint contain legal conclusions and, therefore, no response is required.

**COMPLAINT ¶73:**

Plaintiff and the Obsolete Information Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

**ANSWER:**

Defendant denies the allegations in Paragraph 73 of the Complaint, and specifically denies that class treatment is appropriate in this action.

**COMPLAINT ¶74:**

Plaintiff and the Obsolete Information Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

**ANSWER:**

Defendant denies the allegations in Paragraph 74 of the Complaint, and specifically denies that class treatment is appropriate in this action.

**ANSWER TO PRAYER FOR RELIEF**

Defendant denies that Plaintiffs or any putative class member are entitled to any of the relief requested in the Complaint.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant asserts the following defenses without assuming any burden of production or proof, except as required by applicable law with respect to the particular defense asserted.  Defendant reserves the right to plead any additional affirmative or other defenses as they become known or available during the pendency of this action.

**FIRST DEFENSE**

Plaintiff's claims and/or the putative class members' claims are barred in whole or in part to the extent they occurred and/or accrued outside of the applicable statutes of limitations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND DEFENSE

To the extent that Plaintiff and/or putative class members have failed to mitigate their alleged damages, Plaintiff and/or the putative class members' claims for relief are barred.

## THIRD DEFENSE

To the extent Plaintiff's purported class includes individuals who suffered no concrete harm, such individuals lack standing to bring suit against Defendant.

## FOURTH DEFENSE

Any damages sustained by Plaintiff and/or putative class members were not proximately caused by Defendant.

## FIFTH DEFENSE

Plaintiff and/or putative class members are not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable laws.

## SIXTH DEFENSE

Defendant is not a consumer reporting agency as defined under the law.

## SEVENTH DEFENSE

Defendant does not sell or prepare consumer reports.


DATED: January 25, 2018                     Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By: /s/ Christopher J. Truxler
                                                Christopher J. Truxler

                                                Attorneys for Defendant
                                                DEVERUS, INC.

DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT
CASE NO. 3:17-CV-07041-WHA

43940664v.2